Filed 4/29/14  Coleman v. Woosley CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARK E. COLEMAN, as Administrator, etc.,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BYRON WOOSLEY,<br><br>    Defendant and Appellant. | G048730<br><br>(Super. Ct. No. 30-2009-00317193)<br><br>O P I N I O N |

Appeal from a judgment and order of the Superior Court of Orange County, Craig L. Griffin, Judge.  Affirmed.

Fransen and Molinaro and Nathan W. Fransen for Defendant and Appellant.

Kimball, Tirey & St. John, Karl P. Schlecht and Michaelene H. Kapson, for Plaintiff and Respondent.

## INTRODUCTION

This is a one-issue appeal: Whether appellant Byron Woosley is liable for unpaid rent as the guarantor of a sublease after the subtenants defaulted. Both Woosley and respondent Mark Coleman moved for summary judgment on this one issue. The trial court granted Coleman's motion and denied Woosley's. Judgment was then entered in Coleman's favor.

We affirm both the judgment and the denial of Woosley's motion. Woosley's guaranty was indeed enforceable. His main argument – that the sublease had expired and so had his guaranty – is contradicted by the evidence he himself produced or agreed to. The court correctly entered judgment against him.

## FACTS

I.      **Facts Underlying the Motions for Summary Judgment**

Both parties agree as to the basic facts. Coleman is the administrator of the Lawrence P. Conte Estate, which owned the real property that is the subject of this appeal. Karly Brown leased this property from Conte. Brown in turn subleased the property to Michael and Dawna Brandon. The sublease commenced in September 2008. It terminated in September 2010, although another termination date was handwritten above the original printed date.[1]

Appellant Woosley guaranteed the sublease between Brown and the Brandons in September 2008. The guaranty provided, "In consideration of the execution of the Agreement by and between [Brown] and [the Brandons] and for valuable consideration, receipt of which is hereby acknowledged, the undersigned ("Guarantor")

---

[1]     The month of the handwritten termination date is illegible. The day is the 29th in 2009. Michael Brandon stated in a declaration that a change in the sublease termination date occurred after he executed the original document, but the new date was not the 29th. The objection to the portion of his declaration in which he opined as to the effect of the change in date was sustained.

2

[Woosley] does hereby: (i) guarantee unconditionally to [Brown] and [Brown's] agents, successors and assigns, the prompt payment of Rent or other sums that become due pursuant to this Agreement, including any and all court costs and attorney fees included in enforcing the Agreement; (ii) consent to any changes, modifications or alterations of any term in this Agreement agreed to by [Brown] and [the Brandons]; and (iii) waive any right to require [Brown] and/or [Brown's] agents to proceed against [the Brandons] for any default occurring under this Agreement before seeking to enforce this Guarantee."

The Brandons last paid rent to Brown under the sublease in April 2009, which rent Brown accepted. The Brandons failed to pay rent from May 2009 until December 2009, when they were evicted. Coleman regained possession of the premises in December 2009.

A feature of the sublease that the parties hotly debated was the existence and effect of an alleged subsequent addendum to the sublease, purportedly changing the expiration date from September 14, 2010, to March 23, 2009. This addendum was not signed by the Brandons, and, although Brown's signature ostensibly appeared on it, under the date October 17, 2008, this signature was not authenticated.[2]

## II.        Procedure

The parties made cross-motions for summary judgment.[3] The trial court granted Coleman's motion and denied Woosley's, on the grounds that Woosley's guaranty was a continuing one, even after the stated term of the sublease had expired. The court entered judgment against Woosley for $25,240 in back rent, plus costs and

[2] The court sustained objections to statements in Michael Brandon's declaration regarding the effect of this addendum. Woosley did not contest any of the evidentiary rulings in this appeal.

[3] Coleman asserted that he had obtained an assignment of all Brown's rights against the Brandons for breach of the sublease, an assertion Woosley did not dispute.

3

attorney fees for a total judgment of $55,784. Woosley has appealed from both the judgment entered against him pursuant to Coleman's motion and the denial of his motion against Coleman.

## DISCUSSION

"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. [Citation.] We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports. [Citation.]" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

"A surety or guarantor is one who promises to answer for the debt, default, or miscarriage of another. . . . Guaranties of collection and continuing guarantees are forms of suretyship obligations . . . ." (Civ. Code, § 2787.) "A guaranty relating to a future liability of the principal, under successive transactions, which either continue his liability or from time to time renew it after it has been satisfied, is called a continuing guaranty." (Civ. Code, § 2814.) "The guaranty of payment of a tenant's present and future rent liability is an example of a continuing guaranty." (*Central Building, LLC v. Cooper* (2005) 127 Cal.App.4th 1053, 1059.)

The basic facts as to both motions are undisputed. The Brandons subleased the property; Woosley guaranteed the sublease. The Brandons failed to pay rent between May and December 2009 while still living there. The Brandons are no longer in possession of the property. The terms of the sublease and the guaranty are also undisputed – except for the date.

There is no admissible evidence that Brown and the Brandons agreed the sublease would expire on a date different from the date originally specified in the sublease, September 14, 2010. The court sustained objections to Michael Brandon's

4

declaration statements that the sublease's expiration date was changed from September 14, 2010, to March 23, 2009.[4] Thus Woosley's main argument – his guaranty expired in March 2009 when the lease expired, and he was not liable for the May through December unpaid rent while the Brandons were holdover tenants – is based on an incorrect premise. Whether he could be liable on the guaranty if the Brandons became holdover tenants is irrelevant. There is no evidence that the Brandons were ever holdover tenants. The sublease lasted until September 2010, and Woosley was on the hook at least until that date. The Brandons were gone by December 2009. No holding over took place.

Woosley does not dispute that he guaranteed the Brandons' sublease. From the evidence before us, that sublease – and therefore Woosley's guaranty – expired in September 2010.[5] Brown had the right to collect rent from the Brandons until that time – barring any change in lease terms agreed to by both sides.[6] If the Brandons did not pay, Brown had the right to look to Woosley to pay in their stead. Woosley did not dispute the calculation of the amount of rent owing, and he did not appeal from the subsequent award of attorney fees.

---

[4] This is a different issue from the handwritten change in the expiration date on the first page of the sublease itself. No one provided any evidence at all about that date, which was the 29th of some illegible month in 2009. Under Evidence Code section 1402, a party producing a materially altered document has to account for the alteration. No one did. Depending on who made the change, the alteration may have extinguished some important obligations. (See Civ. Code, § 1700.)

[5] There was some question about when Brown's lease from Conte expired, which might have complicated matters if it turned out that Brown's sublease with the Brandons ran longer than her lease with Conte. No one obtained a declaration from Brown, however, and the Conte/Brown lease was not in evidence. We therefore cannot consider this issue.

[6] Under the guaranty, Woosley consented in advance to "any changes, modifications or alterations of any term in this agreement agreed to by [Brown] and [the Brandons]."

5

## DISPOSITION

The judgment after the grant of summary judgment to Coleman is affirmed. The order denying Woosley's motion for summary judgment is affirmed. Respondent is to recover his costs on appeal.

BEDSWORTH, ACTING P. J.

WE CONCUR:

FYBEL, J.

THOMPSON, J.